| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>PARKER McCAY P.A.<br>BRIAN E. CAINE<br>9000 Midlantic Drive; Suite 300<br>Mt. Laurel, New Jersey 08054<br>(856) 596-8900<br>Attorney for U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2013-3T, its successors and/or assigns | Order Filed on July 14, 2017 by<br>Clerk U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>RICHARD C. SMITH, JR.<br>TANISHA C. GREEN-SMITH | Case No. 13-34489<br>Chapter 13<br><br>Hearing: June 6, 2017<br>Judge: POSLUSNY |

**ORDER RESOLVING U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2013-3T'S CERITIFCATION OF DEFAULT SUBMITTED UNDER THE 7-DAY RULE**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: July 14, 2017**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**(Page 2)**

Debtors:  Richard C. Smith, Jr. & Tanisha C. Green-Smith

Case No:  13-34489-JNP

Caption of Order:  Order Resolving U.S. Bank National Association, not in its individual capacity but soley as Trustee for the RMAC Trust, Series 2013-3T's Certification of Default submitted under the 7-day rule

---

Upon consideration of U.S. Bank National Association, not in its individual capacity but soley as Trustee for the RMAC Trust, Series 2013-3T's, its successors and/or assigns, (hereinafter "Movant") application for an order, by way of Certification of Default, for relief from the automatic stay as to certain real property as hereinafter set forth, and the Court noting the agreement of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1.  As of June 5, 2017, the Debtors are currently due for the August 1, 2016 through June 1, 2017 post-petition payments.

2.  Debtors have until August 31, 2017 to obtain a loan modification.  If the Debtors are denied for a Loan modification or fail to obtain a loan modification by August 31, 2017, the bank may immediately file a Certification of Default with the court, not subject to the 15 day default clause.

3.  Commencing with the June 1, 2017, debtor shall remit payments directly to Movant as same come due.

**(Page 3)**
Debtors:  Richard C. Smith, Jr. & Tanisha C. Green-Smith
Case No:  13-34489-JNP
Caption of Order:  Order Resolving U.S. Bank National Association, not in its individual capacity but soley as Trustee for the RMAC Trust, Series 2013-3T's Certification of Default submitted under the 7-day rule

---

4. Debtors shall reimburse Movant through their Chapter 13 Plan of Reorganization, as an administrative claim, the sum of $200.00 for attorney's fees and costs incurred by Movant in the prosecution of its application for relief from stay.

5. **Fifteen-Day Default Clause:** If the Debtors should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant for more than fifteen (15) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to secured creditor's enforcement of its State Law Foreclosure action against the realty commonly known as 1029 North 24th Street, Camden, New Jersey 08105.  The Order submitted to the Court will not require the consent of the Debtor or the Debtor's counsel regarding form or substance, however, the trustee, Debtors and their counsel shall be given notice of any filing of a certification of non-receipt in accordance with the Local Rules of Bankruptcy Procedure

6. In the event Debtor fails to comply with any terms and conditions set forth in this Order or converts to a Chapter 7, Movant may file a Certification of Default with this Court seeking an order Granting Relief from the Automatic Stay.

7. Movant shall serve a copy of the executed Order on all interested parties who have not yet been served electronically by the Court.